NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012[*]
Decided April 17, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3391

| | |
|---|---|
| MICHELLE DOMINEQUE WEATHERSPOON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:09-cv-01382-RLY-TAB |
| MARTY DULWORTH and WILLIAM ALAN CASEY, SR., *Defendants-Appellees.* | Richard L. Young, *Chief Judge.* |

## O R D E R

Michelle Weatherspoon appeals from the grant of summary judgment against her in her suit under 42 U.S.C. § 1983, claiming that two police officers arrested her without probable cause and used excessive force to take her into custody. Because Weatherspoon has not shown an issue of material fact for trial, we affirm the judgment.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

The undisputed facts show that in 2007 Weatherspoon went to William Casey's home in Anderson, Indiana, to ask for money from him to support their child. When she arrived, Casey, a sergeant with the Anderson police department, was off duty and not in uniform. An argument ensued and both called the police; Casey told police dispatch that Weatherspoon had hit him several times in the face while Weatherspoon demanded that police help her get money from him.

Officer Marty Dulworth responded to the calls and found Weatherspoon in an agitated state. She asked him to help her make Casey pay child support, though she acknowledged to Dulworth that she had no court order for child support. Dulworth responded that, without a support order, he could not help her. Weatherspoon was upset and began to leave, but Dulworth told her she could not leave and took her into custody. According to Dulworth, he asked Weatherspoon to turn around and place her hands behind her back but she refused, and she refused again when Dulworth repeated his request. Dulworth then grabbed Weatherspoon's wrist from behind, placed his other hand on her back, and pushed her onto the hood of his police car. Dulworth cuffed Weatherspoon's hands behind her back and placed her in the back seat of his police car. She was not injured. Weatherspoon was charged with Domestic Battery, IND. CODE § 35-42-2-1.3, Resisting Law Enforcement, IND. CODE § 35-44-3-3, and Disorderly Conduct, IND. CODE § 35-45-1-3. The charges were later dropped.

Weatherspoon sued Dulworth and Casey under § 1983, claiming that she was arrested without probable cause and that the officers used excessive force to take her into custody. Dulworth and Casey moved for summary judgment, which the district court granted. With regard to the claim that the officers lacked probable cause, the court concluded that Casey neither participated in the arrest nor acted under color of state law, and that information provided to Dulworth and the events he witnessed supplied probable cause for Weatherspoon's arrest. As for the excessive-force claim, the court determined that Dulworth used minimal force that was objectively necessary and reasonable under the circumstances.

On appeal Weatherspoon focuses her argument on the lack of probable cause for arrest and argues that the district court did not view the facts in the light most favorable to her. She maintains that inconsistencies between her deposition testimony and that of the two officers creates disputed issues of fact on the circumstances before Dulworth's arrival and the extent of Casey's injury. She does not, however, point to any evidence to challenge the court's rulings that Dulworth did not use excessive force or that Casey neither participated in her arrest nor acted under color of state law.

The evidence Weatherspoon cites fails to create a question of material fact on whether Dulworth had probable cause to arrest her. Under Indiana law a person commits

domestic battery when she knowingly or intentionally touches—in a rude, insolent, or angry manner—an individual with whom she shares a child, and causes bodily injury. IND. CODE § 35-42-2-1.3; *Washington v. Haupert*, 481 F.3d 543, 547 (7th Cir. 2007). An officer has probable cause to make an arrest when he has knowledge of facts and circumstances sufficient to warrant a prudent person to believe the suspect has committed an offense. *Reher v. Vivo*, 656 F.3d 772, 776 (7th Cir. 2011). In an affidavit attached to the officers' motion for summary judgment, Dulworth explains that he believed a domestic battery had taken place because his shift supervisor asked him to respond to a possible battery at Casey's home, that he heard police dispatch stating that Weatherspoon had battered Casey, that Weatherspoon was very upset when he arrived, and that she told Dulworth she had a child with Casey. Weatherspoon has not identified any evidence that undermines this account or that shows it was unreasonable for Dulworth to believe a battery had taken place.

Accordingly, we AFFIRM the judgment of the district court.